UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:23-cv-02407-AB-PVC | Date: | December 27, 2023 |

| Title: | *Yuri Doering v. Western 7 Florence 7223 LLC Limited Liability Company et al* |

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |

| Carla Badirian | N/A |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER <u>DENYING</u> MOTION FOR DEFAULT JUDGMENT [Dkt. No. 21]**

The Court hereby **<u>DENIES</u>** Plaintiff Yuri Doering's ("Plaintiff") Motion for Default Judgment ("Motion," Dkt. No. 15). The Complaint asserts claims under the Americans with Disabilities Act, the Unruh Civil Rights Act, and related claims, based on allegations that Defendant failed to maintain its parking lot's designated parking space for persons with disabilities in accordance with the American with Disabilities Act Standards. Plaintiff now moves for default judgment on all claims.

Plaintiff does not substantiate any alleged violations with evidence. While Plaintiff's counsel seeks to recover fees for a paralegal's site visit and for time spent "review[ing] documentary evidence pertaining to the site inspection of the real property to comply with my Rule 11 obligations," *see* Kim Decl. ¶ 7, the Motion is devoid of any such documentary evidence substantiating the alleged violations. Similarly, Plaintiff's declaration states generically that they "discovered barriers and conditions in the parking space that denied full and equal access by persons like myself who require the use of a wheelchair for mobility," *see* Doering Decl. ¶ 4, without specifying what those barriers were or otherwise substantiating

the claim. Given Plaintiff's failure to present evidence substantiating the alleged violations, the Court cannot find that Plaintiff's claims are meritorious, one of the key *Eitel* factors. Plaintiff's Motion therefore fails to establish that default judgment is warranted.

The Court therefore **DENIES** the Motion for Default Judgment, without prejudice to it being renewed by January 5, 2024.

If Plaintiff does not file a renewed motion by the deadline, the Court will dismiss the case for lack of prosecution without further notice.

Should Plaintiff renew the Motion, the fees and costs requested, and the total fees incurred by each biller, must be stated in the Motion itself and not just in a declaration or billing statement included as an attachment, or the request will be denied.

**IT IS SO ORDERED**.